Mark D. Parker
Geoffrey T. Cunningham
PARKER, HEITZ & COSGROVE, PLLC
401 N. 31st Street, Suite 805
P.O. Box 7212
Billings, Montana 59103
Ph: (406) 245-9991
Fax: (406) 245-0971
Email: markdparker@parker-law.com
Email: geoff@parker-law.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| PONTUS SK PORTFOLIO, LLC, d/b/a PONTUS CAPITAL, and MICHAEL PRESS individually, | Cause No. CV-22-    -BLG- |
| Plaintiffs, | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| SHOPS AT FOX RUN, LLC | |
| Defendant. | |

COME NOW the Plaintiffs, and for their Complaint against the Defendant allege the following:

## PARTIES

1. Plaintiff, Pontus SK Portfolio, LLC, d/b/a Pontus Capital ("Pontus") is a Delaware Limited Liability Company. All of the members of Pontus SK Portfolio, LLC are citizens of either California or North Carolina.

2. Plaintiff, Michael Press, is an individual with his citizenship in La Jolla, California. He is a manager of Pontus Capital.

3. Based on information and belief, Defendant, Shops at Fox Run, LLC ("Shops at Fox Run") is a limited liability company. Based on information and belief, all the members of the Shops at Fox Run, LLC are citizens of Montana. Additionally, based on information and belief, John R. Reynolds is the member/manager of the Shops at Fox Run and is a citizen of Montana.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000.00 and the members of the Shops at Fox Run are citizens of Montana. The members of Pontus are citizens of North Carolina. Michael Press is a citizen of California. Therefore, there is complete diversity of citizenship.

5. Venue lies in the District of Montana, Billings Division, pursuant to 28 U.S.C. § 1391(b)(2) because the present complaint centers around the purchase, the operation, and lease of real property located in Sidney, Richland County, Montana. Thus, this judicial district is the one where the substantial portion of the events giving rise to the Complaint occurred.

## GENERAL ALLEGATIONS

6. The Shops at Fox Run is the developer of a Shopping Center ("Shopping Center") located in Sidney, Richland County, Montana, for which the real property description is:

> LOTS 1,2,3,4,5,6,7, and 11 in Block 1 of the Final Plat of Augustus Vaux Subdivision to Sidney, Montana, located within Tract 1 of C.O.S. 27-864, Lots 6-13 of Block B, Lots 1-12 of Block C & Lots 1-2 of Block D of the Richfield Addition, located within the S1/2 SW1/4 of Section 28, Township 23 North, Range 59 East, P.M.M., filed in the office of the Clerk

        and Recorder of Richland county, Montana as Document No. 577201.

7. On or about June 19, 2013, the Shops at Fox Run executed a Grant of Easement and Declaration of Covenants Conditions, and Restrictions ("Declaration of Covenants"), which apply to the Shopping Center. The Declaration of Covenants were signed by John R. Reynolds as member/manager and filed with the Clerk and Recorder of Richland County on June 19, 2013.

8. On or about June 19, 2013, the Shops at Fox Run also filed a Supplemental Declaration concerning Lot 5 of the Shopping Center. Specifically, in relevant part, the Supplemental Declarations allowed for the owner of Lot 5 to construct and operate an "Alco" store. The Declaration of Covenants along with the Supplemental Declarations are attached hereto as Exhibit 1.

9. Among other restrictions the Declaration of Covenants at § 9(a)(i), prohibits the operation of any store, except for on Lot 2, for which the sale of "groceries or other products typically offered for sale in a grocery store or supermarket" constitute "(15%) of its business." Ex. 1, Pg. 20.

10. However, § 9(a)(ii) of the Declaration allows Lot 5 to operate a "general merchandise store, and as long as it continuously does so, it should have the right to operate a general merchandise store, retail department store, discount or variety store, and/or dollar store of 6,000 square feet or larger in the Shopping Center".

11. The Supplemental Declaration found in Exhibit 1, provided a number of conditions regarding the operation of Lot 5. It modified the Declaration of Covenants to state that the parcel "shall be used as a general store and for no other purpose without [Shops at Fox Run's] express written consent." Thus, modifying § 9(a)(ii) of the

Declaration of Covenants. It also provided the Shops at Fox Run with the right to repurchase Lot 5 from its owner at the same price, plus incidental expenses, for the price in which it was purchased from the Shops at Fox Run. *See* Ex. 1.

12. Between May 2014 and August 2015, the Shops at Fox Run, filed with the Clerk and Recorder of Richland County, two amendments to the Grant of Easements and Declaration of Covenants, Conditions, and Restrictions which have no consequence to the present Complaint.

13. By September 2016, Lot 5 of the Shopping Center was owned and operated by Shopko Stores Operating Co., LLC ("Shopko Stores").

14. On or about September 23, 2016, the Shops at Fox Run and Shopko Stores entered into an agreement which terminated the Supplemental Declarations. That agreement is attached hereto as Exhibit 2. Specifically, Shopko Stores agreed to pay the Shops at Fox Run two hundred thousand dollars ($200,000.00) in exchange for the termination of the Supplemental Declarations and provided an amendment to the Easement and Declaration of Covenants, Conditions, and Restrictions to allow the owners of Lot 5 to be excluded from restrictions set forth in § 9(a)(i)(C) of the Declarations of Covenants.

15. Based on information and belief, Shopko made such payment to the Shops at Fox Run. September 2016, the Shops at Fox Run executed and filed with the Clerk and Recorder of Richland County, the Third Amendment of the Grant of Easements and Declaration of Covenants, Conditions and Restrictions and Termination of Supplemental Declarations attached hereto as Exhibit 3.

16. In or around October 2016, Pontus purchased Lot 5 from Shopko Stores for $4.7 million dollars, of which $3.3 million was financed. Michael Press personally guaranteed the financing of the property.

17. At purchase, Pontus received a title policy that did not reference the Supplemental Declaration.

18. At the time of purchase of Lot 5, Shopko Stores entered into a long-term lease agreement with Pontus for the continuance of the Shopko store front at Lot 5.

19. On or around June 16, 2019, Shopko Stores closed their Sidney location store operated at Lot 5 of the Shopping Center. This came amidst the closing of all Shopko Stores as a result of bankruptcy.

20. Shortly thereafter, Pontus executed a Letter of Intent and fully negotiated a lease with Dollar Tree, Inc., for the operation of a Dollar Tree store in approximately half (1/2) or 12,500 square feet of Lot 5. Dollar Tree stores are "true dollar stores" in which the entirety of its products cost $1.00/unit.

21. Pontus's potential lease with Dollar Tree was to create approximately $1.9 million dollars in value to Pontus.

22. In or around August 2020, upon learning of Dollar Tree's lease, the Shops at Fox Run informed Pontus that the store was prohibited by the applicable restrictive covenants.

23. Specifically, the Shops at Fox Run represented that the Supplemental Restrictions removed the permission for the owner of Lot 5 to operate a "dollar store." Therefore, Pontus was subject to the restrictions of § 9(a)(i), and not afforded the benefits of § 9(a)(ii). Further, the Shops at Fox Run represented that the Dollar

Store clause was intentionally removed and material to the Supplemental Declaration.

24. Consequently, the Shops at Fox Run indicated it would not grant a waiver of the restrictions for grocery, or other general merchandise stores.

25. As this was the first Pontus heard of the Supplemental Declaration, it requested that it be provided a copy of the Supplemental Declaration.

26. Subsequently, the Shops at Fox Run provided a copy of the Supplemental Declaration and continued to persist that it applied and prohibited the operation of dollar stores. The Shops at Fox Run continued to refuse to allow the Dollar Tree to operate at Lot 5.

27. By October 2020, the Shops at Fox Run had flatly refused the allowance of the Dollar Tree store, negligently maintaining its right to refuse.

28. Ultimately, Pontus lost the opportunity to lease to Dollar Tree Inc., and without that income, Lot 5 was lost to foreclosure.

29. A review of the agreement between Shopko Stores and the Shops at Fox Run along with the resulting Third Amendment of Grant of Easement and Declaration of Covenant, Conditions, and Restrictions and Termination of Supplemental Declaration, demonstrates that the covenants allowed the owner of Lot 5, Pontus, at the time, to operate a dollar store larger than 6,000 square feet in Lot 5.

## NEGLIGENT MISREPRESENTATION

30. The allegations set forth in paragraphs 1-25 are realleged as if fully set forth herein.

31. The Shops at Fox Run, at the time Pontus was seeking to lease to Dollar Tree, represented that the Supplemental Declaration prohibited such lease as it removed the allowance for dollar stores from § 9(a)(ii). This representation was material to

Pontus's and Press's failure to secure a lease from Dollar Tree and continued to make payments on the financing for the building.

32. The Shops at Fox Run represented that the Supplemental Declaration continued to control the operation of Lot 5 at the Shopping Center.

33. These representations by the Shops at Fox Run were untrue.

34. The Shops at Fox Run, through their agents, made these representations without any reasonable grounds for believing them to be true.

35. These representations were made with the intent that Pontus and Press would rely on those representations.

36. Pontus and Press, unaware of the falsity of the representations, acted in reliance of the truth of those representations.

37. As a result of Pontus's and Press's reliance on those representations, they have sustained substantial real property and financial loss.

WHEREFORE, having set forth its claims against the Defendant, the Plaintiffs pray:

1. That Judgment be entered for the Plaintiffs against the Defendant for its claim against the Plaintiffs;

2. For Judgment for the Plaintiffs and against the Defendant for all compensatory damages that the Plaintiffs are entitled to under Montana law;

3. That the Plaintiffs be awarded all attorney's fees and costs associated with the present complaint; and

4. For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues.

**DATED** this 28th day of September, 2022.

                         Attorneys for Plaintiffs

                         _/s/ Geoffrey T. Cunningham_

                         Geoffrey T. Cunningham
                         PARKER, HEITZ & COSGROVE, PLLC
                         401 N. 31st Street, Suite 805
                         P.O. Box 7212
                         Billings, Montana 59103
                         Ph: (406) 245-9991
                         Fax: (406) 245-0971
                         Email: geoff@parker-law.com